UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:20-CR-43-REW-CJS-2 |
| v. | ) ) | No. 6:23-155-REW-CJS |
| JAMES E. COX, | ) ) | ORDER |
| Defendant. | ) ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant/Petitioner James E. Cox filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  See DE 177 (Motion); DE 180 (Amended Motion).  Cox was previously sentenced to 230 months' imprisonment (later reduced to 206 months) for his role in a meth conspiracy.  See DE 167 (Judgment).  In the petition, Cox raises four grounds for relief: First, he alleges five instances of ineffective assistance of counsel.  See DE 177 at 2–5; DE 180. Second, Cox argues that his indictment was constructively amended because of the lesser-included offense jury instruction.  See DE 180 at 8.  Third, Cox claims that the district court improperly sentenced him on acquitted conduct.  See DE 177 at 5; DE 180 at 4.  And fourth, Cox asserts a blanket claim encompassing "[a]ny other issues that appointed counsel finds within transcripts." DE 177 at 5.

United States Magistrate Judge Candace J. Smith, on referral, issued a Recommended Disposition, ultimately recommending that the Court deny the motion because all of Cox's grounds for relief either were procedurally defaulted, were rejected on appeal, or otherwise lacked merit. See generally DE 200 (Recommended Disposition).  The Recommended Disposition further counseled against an evidentiary hearing and the issuance of a certificate of appealability (COA).

1

*See id.* at 33–34. Judge Smith conducted a thorough analysis as to each claim, invoking the proper legal standards and apt case law. Judge Smith informed Cox of his right to object to the recommendation under 28 U.S.C. § 636(b)(1) within fourteen days. *Id.* at 35. She warned Cox that failure to properly and timely object would cause him to lose the right to further appeal or review. *See id.*

On September 12, 2024, well after the initial objection deadline had passed, the Court received an ambiguous document from Cox in which he once more sought a hearing, requested appointment of counsel, and reiterated the merits of his claim in passing. *See generally* DE 201. The Court denied the request for a hearing and counsel, further finding that the generalized filing failed to properly object to any of Judge Smith's specific rulings. *See* DE 202 (Order). However, the Court ultimately decided to give Cox one last opportunity to weigh in, ordering him to file any particularized objections to Judge Smith's recommendation (if any) no later than February 24, 2025. *See id.* at 2. That date has now passed by two business weeks, and the Court has received no further filings from Cox. It is therefore ready to adopt Judge Smith's comprehensive and well-reasoned recommendation.

In considering a magistrate judge's recommendation, the Court must review *de novo* any "portions of the report or specified proposed findings" to which any party objects. 28 U.S.C. § 636(b)(1). An objecting party faces the affirmative "duty to pinpoint those portions of the [magistrate judge's] report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation and quotation marks omitted). But the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file

2

objections to a magistrate judge's recommendation waives the right to appellate review); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("[Defendant] simply *failed to file* an objection to the magistrate judge's R & R denying qualified immunity. That is forfeiture, not waiver.") (emphasis in original). Further, the Court "need not provide *de novo* review where the objections are frivolous, conclusive or general." *Mira*, 806 F.2d at 637 (citation and quotation marks omitted). Objections that merely "dispute[ ] the correctness of the magistrate's recommendation" without specifying the findings that the objecting party "believe[s] were in error[,] . . . amount to general objections" and do not warrant *de novo* review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Court has considered the Recommended Disposition, as well as the entire record and relevant authority, and agrees with Judge Smith's careful analysis and conclusions, substantively and procedurally. The lack of proper objection forfeits further review, and the Court accordingly **ORDERS** as follows:

1. The Court **ADOPTS** DE 200 and **DENIES** Cox's § 2255 motion (DE 177, DE 180).

2. The Court further **DENIES** the issuance of a COA. A COA may issue where a movant has made a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. *See* 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005) (noting requirement of "individualized assessment of . . . claims") (citing *Porterfield v. Bell*, 258 F.3d 484, 485 (6th Cir. 2001)). Cox has not

3

made a "substantial showing" as to any claimed denial of rights. Reasonable jurists would not find the Court's determination debatable, procedurally or substantively, and no COA should issue. This, too, is a conclusion that Judge Smith recommended and to which Cox did not demur.

This the 7th day of March, 2025.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge